1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 NOBLE SYSTEMS CORP.,                )
                                       )      2:09-cv-00749-GEB-DAD
12              Plaintiff,             )
                                       )      ORDER RE: SETTLEMENT
13         v.                          )      AND DISPOSITION
                                       )
14 CHRIS HOWELL, d/b/a IMPACT          )
   MARKETING,                          )
15                                     )
                Defendant.             )
16 _____  )

17         On July 27, 2009, Plaintiff filed a Notice of Settlement in

18 which it states the parties reached an agreement to settle.  Further,

19 Plaintiff states the parties expect to finalize settlement within the

20 next four weeks.  Therefore, a dispositional document shall be filed

21 no later than August 24, 2009.  Failure to respond by this deadline

22 may be construed as consent to dismissal of this action without

23 prejudice, and a dismissal order could be filed.  See L.R. 16-160(b)

24 ("A failure to file dispositional papers on the date prescribed by

25 the Court may be grounds for sanctions.").

26         The status conference scheduled for August 10, 2009, is

27 continued to commence at 9:00 a.m. on October 5, 2009, in the event

28 that no dispositional document is filed, or if this action is not

                                  1

1  otherwise dismissed.  Further, a joint status report shall be filed

2  fourteen days prior to the status conference.[1]

3          IT IS SO ORDERED.

4  Dated:  August 3, 2009

5

6                                        _____
                                         GARLAND E. BURRELL, JR.
7                                        United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

─────────────────

25      [1]    The status conference will remain on calendar, because
26  the mere representation that an action has been settled does not
    justify removal of the action from a district court's trial docket.
27  Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating
    that a representation that claims have been settled does not
28  necessarily establish the existence of a binding settlement
    agreement).